IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No.: 5:23CR31
    (BAILEY)

MARTIN THOMAS ANDERSON,

    Defendant.

FILED
APR 25 2024
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

Pending before the undersigned on referral from the District Court are various Motions [36-40] filed by Defendant on February 27, 2024. ECF No. 36 is a Motion to Adopt Defendant's previously filed *pro se* Motions, i.e., ECF Nos. 29-31. In a prior Order, this Court granted Defendant's Motion [36] to Adopt. This Report and Recommendation applies to Defendant's Motion [29] to Dismiss, Motion [30] to Dismiss, Motion [31] to Dismiss. This Report and Recommendation also applies to Defendant's Motion [39] for Hearing/to Suppress. A hearing was held on April 23, 2024, during which the parties presented oral argument. The Court will address each of the aforementioned Motions in turn.

I.    **Motion [29] to Dismiss/Suppress**

With respect to Defendant's Motion [29] to Dismiss/Suppress, the Court would **RECOMMEND** that the same be **DENIED**. In said Motion, Defendant argues that the cell phone, which was seized after the January 19, 2023, motor vehicle incident was not secured while officers obtained a search warrant, as provided in Officer McCallen's report. Defendant contends that the cell phone was seized in and around his arrest at approximately 4:20 p.m., on January 19, 2023. Defendant further contends that a call was answered on that same cell phone at approximately

6:55 p.m. on January 19, 2023. Defendant argues that the cell phone was therefore illegally accessed prior to officers obtaining a warrant. As a result of this "misconduct, handling of & destruction of evidence," Defendant argues that the case should be dismissed. ECF No. 29.

In response, the Government argues that Officer McCallen does not remember whether he answered the phone. Further, the Government contends that even if he did, and assuming that such an action would constitute a search (which the Government does not concede), then the appropriate remedy for a warrantless search is suppression of evidence, not dismissal of a case. The Government further argues that Defendant abandoned this property, i.e., the cell phone, so he has no privacy interest therein, and consequently no standing to bring this Motion. Finally, the Government argues that no data was obtained from a search of the phone because the phone was locked. Thus, there is no evidence from the phone call that the Government intends to use at trial. ECF No. 49 at p. 5-8.

The Court would agree with the Government that the appropriate remedy, if applicable, for a warrantless search is suppression of evidence and not necessarily dismissal of an action. Given this and based upon the Government's representation that it does not intend to rely upon evidence at trial from the cell phone or the phone call at issue in this Motion, the Court would recommend that this Motion [29] be denied.

**II.     Motion [30] to Dismiss/Suppress**

With respect to Defendant's Motion [30] to Dismiss/Suppress, the undersigned would **RECOMMEND** that the same be **DENIED**. In said Motion, Defendant argues that the backpack seized by officers after the January 19, 2023, motor vehicle accident/incident was searched before officers obtained a search warrant. ECF No. 30 at p. 4. Defendant also argues that officers presented misleading information to the magistrate in the affidavit and complaint for the search

warrant for the backpack in that the documents claim that the backpack was "left outside" of the Hyundai Elantra Defendant was driving just prior to the accident and Defendant's arrest, which implies that it was once inside of the vehicle, which is an "assumption." ECF No. 30 at p. 5. Finally, Defendant argues that Officer McCallen was dishonest/misleading when he represented to the magistrate that he had not searched the backpack before applying for a warrant, when he in fact did conduct said search. *Id.*

The Government argues that the Defendant abandoned the backpack when he fled the scene of the vehicle accident on January 19, 2023. Thus, Defendant has no standing to bring this Motion. The Government also argues that officers did not conduct a warrantless search of the backpack. Officers examined the backpack prior to applying for the search warrant to ensure an accurate description of the backpack in the application for a search warrant. When officers took the backpack from the evidence room, officers observed a firearm in an open pocket on the side of the backpack. Because it was in plain view, officers examined the firearm, secured it, and conducted a records check which revealed that the firearm had been stolen from Viena, West Virginia in 2016. Officers included this information in the application for the search warrant. ECF No. 49 at p. 8-11. The remaining items were discovered on January 20th while officers executed the search warrant. *Id.* at p. 10.

The undersigned would agree with the Government. Defendant appears to have abandoned the backpack at the scene of the vehicle crash when he fled the scene on foot. Because Defendant appears to have abandoned this item, Defendant does not appear to have standing to challenge the evidence found upon a search thereof. *See United States v. Abel*, 362 U.S. 217 (1960).

Even if Defendant does have standing to challenge the search of the backpack, the record demonstrates that the search of the backpack was a lawful search conducted pursuant to a search

3

warrant. On January 19, 2023, Officer McCallen placed the backpack (and therefore all of its contents) into the MCDTF evidence room. On January 20, 2023, Officer McCallen removed the backpack from the evidence room to prepare the application for the search warrant. A firearm was seen in plain view in an open side pocket of the backpack. A records check revealed that the firearm had been stolen in 2016. These facts (among others) were included within the application for the search warrant. Officers also described the location[1] of the backpack when it was seized. ECF Nos. 29-1 and 30-1. There is nothing misleading about said description. Once the search warrant was granted, the backpack was searched. *See* ECF No. 49 at p. 9. Accordingly, the undersigned would recommend that this Motion be denied.

**III.   Motion [31] to Dismiss**

In this Motion, Defendant argues that Counts 1 and 2 should be dismissed because evidence was lost or destroyed. Defendant further argues that Count 3 should be dismissed because Officer McCallen unlawfully searched Defendant's vehicle during the traffic stop that occurred on March 2, 2023. ECF No. 31. The Government contends that it cannot determine from Defendant's Motion what evidence Defendant believes is missing/destroyed or why Defendant believes that. The Government is unaware of any missing or destroyed evidence. The Government further argues that Officer McCallen did not unlawfully search the vehicle, which is supported by the video from Officer McCallen's body camera. ECF No. 49.

After having reviewed Defendant's Motion, the undersigned would agree that it is not clear from Defendant's Motion what evidence Defendant believes was lost or destroyed. Inasmuch as

---

[1] "The passenger side door of the Hyundai was left open when Emery exited the vehicle after the vehicle struck the embankment. The red sweatshirt and ball cap were located on the ground where Anderson ran. A black backpack and a wallet were laying on the ground outside the passenger door." ECF No. 30-1.

4

Case 5:23-cr-00031-JPB-JPM    Document 56    Filed 04/25/24    Page 5 of 7    PageID #: 245

there is nothing in the record to demonstrate that evidence has been lost or destroyed, the undersigned would **RECOMMEND** that this part of Defendant's Motion be **DENIED**.

With respect to the part of Defendant's Motion that concerns Count 3, the undersigned would also **RECOMMEND** that this part of Defendant's Motion be **DENIED**. The Court has reviewed the body camera video from Officer McCallen, which was submitted by the Government, and which relates to the March 2, 2023, traffic stop. In the video, Officer McCallen makes contact with Defendant while Defendant is still in his vehicle. After an exchange between Officer McCallen and Defendant, Officer McCallen tells Defendant to exit the vehicle. Officer McCallen is then seen detaining Defendant in handcuffs at the rear of the vehicle because Officer McCallen is concerned that Defendant will flee.[2] Officer McCallen then asks Deputy Smith if Deputy Smith obtained the marijuana he was holding from the Defendant. Officer Smith answers in the affirmative.[3] Officer McCallen then conducts a search of the vehicle. Officer McCallen's search was supported by probable cause because, given the totality of these circumstances, there was a fair probability that contraband or evidence of a crime would be found in Defendant's vehicle. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (probable cause to search exists if, given the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place"). Thus, the undersigned **RECOMMENDS** that this portion of Defendant's Motion should also be **DENIED**.

**IV.     Motion [39] for Hearing Pursuant to *Franks v. Delaware***

In this Motion, Defendant argues that the affidavit in support of the search warrant issued on March 2, 2023, authorizing the search of 100 Highland Ct., Sistersville, WV 26175, "was

---

[2] Defendant previously fled the scene of a motor vehicle accident on January 19, 2023.
[3] Deputy Smith also holds up the marijuana which is visible in the body camera video. Defendant provided this marijuana to Deputy Smith. *See* ECF No. 39 at p. 6.

5

legally deficient as it lacked probable cause and contained reckless misstatements of fact and material misrepresentations." ECF No. 39 at p. 2. In response, the Government specifically denies that the search lacked probable cause, and specifically denies that the affidavit contained reckless misstatements of fact and material misrepresentations. Notwithstanding, the Government contends that Defendant was not charged with any crimes related to items obtained during the search, and states that it does not intend to introduce evidence at trial that was obtained via this search. Thus, the Motion should be denied. ECF No. 49 at p. 16-17.

Given the Government's representation that it does not intend to utilize evidence at trial which was obtained as a result of this search, the undersigned would **RECOMMEND** that this Motion be **DENIED AS MOOT**.

V.     **Conclusion**

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that the aforementioned Motions [29-31, 39] be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 4/25/2024

_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE