IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                      **CRIMINAL ACTION NO. 5:23-CR-31-1**
                                          Judge Bailey

**MARTIN THOMAS ANDERSON,**
a/k/a Martin McNeil,

      Defendant.

## ORDER

Presently pending before this Court is a Report and Recommendations [Doc. 56], filed April 25, 2024, by Magistrate Judge James P. Mazzone. Therein, Magistrate Judge Mazzone recommends the pending Motions [Docs. 29–31, 39][1] be denied.

On May 6, 2024, defendant filed *pro se* objections to the Report and Recommendations. See [Doc. 59]. Defendant's counsel, Frankie Walker, then filed a Motion to Adopt Objection to Report and Recommendations [Doc. 60], wherein he requests this Court to adopt defendant's *pro se* objection as being filed by counsel. This Court will **GRANT [Doc. 60]** and will adopt the *pro se* document as though filed by counsel.

---

[1] Documents 29 through 31 are all *pro se* filings. Document 39 was filed by defendant's counsel, Frankie Walker. Frankie Walker, after review, and at the specific request of defendant, adopted the *pro se* motions filed by defendant.

1

## I. BACKGROUND & STANDARD OF REVIEW

On April 4, 2023, defendant was named in a three-count indictment: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Defendant timely filed his objection to the Report and Recommendations. *See* [59]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### A. Report and Recommendation

The R&R applies to defendant's Motion to Dismiss [Doc. 29], Motion to Dismiss [Doc. 30], Motion to Dismiss [Doc. 31] and Motion for Hearing/to Suppress [Doc. 39]. Magistrate Judge Mazzone held a hearing on April 23, 2024, during which the parties presented oral argument. Magistrate Judge Mazzone then issued his Report and Recommendation on April 25, 2024.

With respect to defendant's first Motion to Dismiss [Doc. 29], Magistrate Judge Mazzone recommends that it be denied because "the appropriate remedy, if applicable, for a warrantless search is suppression of evidence and not necessarily dismissal of an action." [Doc. 56 at 2]. Moreover, the Government represented that "it does not intend to rely upon evidence at trial from the cell phone or the phone call at issue in this Motion. . . ." [Id.].

Magistrate Judge Mazzone next recommends that defendant's second Motion to Dismiss/Suppress [Doc. 30] be denied because defendant "appears to have abandoned the backpack at the scene of the vehicle crash when he fled the scene on foot and does

not appear to have standing to challenge the evidence found upon a search thereof." [Id. at 3].

With respect to defendant's third Motion to Dismiss [Doc. 31] as it pertains to defendant's argument that Counts 1 and 2 should be dismissed because evidence was lost or destroyed, the R&R recommends that the Motion be denied because "it is not clear from Defendant's Motion what evidence Defendant believes was lost or destroyed." [Id. at 4]. As it pertains to defendant's argument that Count 3 should be dismissed because Officer McCallen unlawfully searched defendant's vehicle during the traffic stop that occurred on March 2, 2023, Magistrate Judge Mazzone recommends that this be denied because after reviewing the body camera video from Officer McCallen, Magistrate Judge Mazzone found that the "search was supported by probably cause. . . ." [Id. at 5].

Lastly, Magistrate Judge Mazzone recommends that defendant's Motion for Hearing Pursuant to *Franks v. Delaware* [Doc. 39] should be denied as moot because the Government represented that it does not intend to utilize evidence at trial which was obtained as a result of the March 2, 2023 search of 100 Highland Ct., Sistersville, WV 26175. [Id. at 5–6].

### B. Objections

Defendant starts out his objections by stating he "hopes that the Court would grant [him] an opportunity to revisit the Motions Hearing due to [him] not being afforded adequate review and preparation stemming from health issues and mailing technicalities that were out of [his] control. . . ." [Doc. 59 at 1]. Defendant then spends the next ten (10) pages discussing his disagreements with the Government's Response to his Motions. Defendant does not point to any specific error in the R&R.

4

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." ***Id.***; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

At the Motions hearing in front of Magistrate Judge Mazzone on April 23, 2024, defendant was represented by Frankie Walker. Defendant has no right to act as co-counsel. **United States v. Tarrantino**, 846 F.2d 1384, 1420 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988). Whether to allow a defendant to assume some of his lawyer's functions, that is, to engage in "hybrid representation" is within the sound discretion of the judge. **United States v. LaChance**, 817 F.2d 1491 (11th Cir.), *cert. denied*, 484 U.S. 928

(1987). Hybrid representation should be permitted only where a defendant has made a showing of some special reason for defendant to act as co-counsel. **United States v. West**, 877 F.2d 281 (4th Cir.), *cert. denied*, 493 U.S. 860 (1989). Issues that counseled parties attempt to raise *pro se* need not be considered except on a direct appeal in which counsel has filed a brief under **Anders v. California**, 386 U.S. 738 (1967).

Defendant is represented by very experienced and competent counsel. There is no showing of a special need to allow defendant to act as co-counsel at the Motions Hearing. This Court notes that counsel for defendant has filed Motions to Adopt the *pro se* filings as though filed by counsel. *See* [Docs. 60 & 61]. This Court has granted those requests. *See* [Doc. 62 & 63]. However, defendant's objections to the R&R are bare statements devoid of any reference to specific findings or recommendations and are unsupported by legal authority. Defendant's objections take issue with the Government's response, not the R&R. Thus, the objections are not sufficient and are overruled.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 56**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Defendant's objections [**Doc. 59**] are **OVERRULED**.

Defendant's Motion to Dismiss [**Doc. 29**], Motion to Dismiss [**Doc. 30**], Motion to Dismiss [**Doc. 31**] are **DENIED**. Defendant's Motion for Hearing/to Suppress [**Doc. 39**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the defendant.

**DATED**: May __9__, 2024.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**